Freidus testified that the angle plates are essential to the operation of the machine with which they are used as a milling machine.

It was stipulated and agreed by the parties that the milling machine with which the angle plates in issue are used is not a jig-boring machine tool.

No evidence was submitted on behalf of the Government, and it has filed notice with the court that it does not intend to file a brief in this case.

From the evidence, it is apparent that the angle plates are essential parts of the machine with which they are used in order for the machine to perform its function as a milling machine. *United States* v. *Willoughby Camera Stores, Inc.,* 21 C. C. P. A. (Customs) 322, T. D. 46851.

It is further apparent from the record that the milling machine meets the definition of a machine tool, as contained in the proviso to paragraph 372 of the basic act, since it has been shown to be a machine operating other than by hand power which employs a tool for work on metal.

The fact that the machine is used for "gear hobby" work without the use of the angle plates does not militate against our conclusion herein inasmuch as, when in use for its milling purpose, the angle plates are essential and necessary parts of the machine. *Metallizing Engineering Co., Inc.* v. *United States,* 36 Cust. Ct. 205, C. D. 1775, and cases therein cited.

On the record before us, we find and hold that the angle plates in controversy constituting parts of milling machines should properly have been classified as parts of machine tools within the purview of paragraph 372 of the Tariff Act of 1930, as modified, *supra,* as claimed by importer, and subjected to duty at the rate of 15 per centum ad valorem. That claim in the protest is, therefore, sustained. All other claims are overruled.

Judgment will be entered accordingly.

**No. 61508.**—G. A. Westphal Co., Inc., and Gehrig, Hoban & Co., Inc., et al. *v.* United States, protests 291020–K, etc. (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of gift tags, composed wholly or in chief value of paper, lithographically printed, not over twelve one-thousandths of an inch in thickness, which are not gift or social cards, the claim of the platintiffs was sustained.

**No. 61509.**—Sinaco Co., Inc., and H. W. Robinson & Co., Inc., *v.* United States, protests 308028–K and 292931–K (New York).

Opinion by RAO, J.  In accordance with stipulation of counsel that the merchandise consists of gift tags, composed wholly or in chief value of paper, lithographically printed, not over twelve one-thousandths of an inch in thickness, which are not gift or social cards, the claim of the plaintiffs was sustained.

**No. 61510.**—A. E. Coppersmith and J. S. Walker et al. *v.* United States, protests 303817–K, etc. (Los Angeles).

Opinion by RAO, J.  In accordance with stipulation of counsel that the merchandise consists of constituent and integral parts of toilet-box assemblies the same in all material respects as those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (36 Cust. Ct. 220, C. D. 1778), the claim of the plaintiffs was sustained.

**No. 61511.**—Nolan Glove Co., Inc. *v.* United States, protest 294731–K (New York).

FORD, Judge:  The suit listed above challenges the action of the collector of customs in classifying certain imported merchandise as embroidered wool gloves and levying duty thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.  Plaintiff claims said merchandise to be properly dutiable at the rate of 50 per centum ad valorem under said paragraph 1529 (a), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as articles of wearing apparel, ornamented.

The pertinent sections of the statutes are as follows (Tariff Act of 1930):

PAR. 1529.   (a) * * * and fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, ornamented with beads, bugles, or spangles * * *; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * *, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. * * *

Paragraph 1529 (a), as modified by T. D. 51802:

Articles of wearing apparel, wholly or in part of lace, or ornamented, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part_____ 50% ad val.

Paragraph 1529 (a), as modified by T. D. 51802 and T. D. 51909:

Gloves and mittens, embroidered in any manner, wholly or in chief value of wool_____ 70% ad val.

At the trial of this case, two pairs of gloves were admitted in evidence as representative of the imported merchandise, and counsel agreed that said gloves are embroidered and ornamented with beads and that they are composed of wool.

As pointed out by counsel for the plaintiff, the provision for:

Articles of wearing apparel, wholly or in part of lace, or ornamented, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part * * *